UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SUSAN A. OSBORNE,

                Plaintiff,

    v.

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

                Defendant.

No. CV 05-6163-MO

OPINION AND ORDER

**MOSMAN, J.,**

      Plaintiff Susan Osborne seeks judicial review of the Commissioner's decision denying her application for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB"). In response, the Commissioner concedes the Administrative Law Judge's ("ALJ") decision was not based on proper legal principles and moves to remand (#18) the case for further administrative proceedings. Ms. Osborne argues the court should remand for an immediate award of benefits. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, the court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for an immediate award of benefits beginning in May 2004, and for further proceedings as to the remaining time period.

PAGE 1 - OPINION AND ORDER

**Background**

Ms. Osborne filed her application for SSI on August 27, 2001 and her application for DIB on November 16, 2001. The ALJ held a hearing on August 10, 2004, where Ms. Osborne was represented by counsel. Several witnesses testified at the hearing, including Ms. Osborne, her mother, her treating Nurse Practicioner ("NP") Patricia Jarrett, a medical expert, and a vocational expert ("VE"). On December 2, 2004, the ALJ denied Ms. Osborne's applications finding her not disabled. The Appeals Council denied review.

Ms. Osborne argues the ALJ erred in assessing her Residual Functional Capacity ("RFC") and finding her able to perform work existing in substantial numbers in the national economy at step five in the five-step sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(e). The Commissioner concedes the ALJ erred by: (1) rejecting Dr. Richardson in favor of the medical expert who testified at the hearing without providing sufficient reasons for doing so, (2) failing to provide reasons for rejecting Dr. Blose's opinion, (3) providing insufficient reasons for rejecting lay-witness testimony, including NP Jarrett, and (4) providing insufficient reasons for finding Ms. Osborne only partially credible.

**Discussion**

Under sentence four of 42 U.S.C. § 405(g), it is appropriate to remand a case in conjunction with a judgment affirming, modifying, or reversing the Commissioner's decision. The decision whether to remand for further proceedings or for immediate payment of benefits is within the court's discretion. *Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir. 1993). Generally, courts award benefits "when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and there is not sufficient evidence to

support the ALJ's conclusion." *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (citation omitted). On the other hand, a remand for further administrative proceedings "is appropriate where additional administrative proceedings could remedy defects" in the ALJ's decision, *id.* (internal quotation marks and citation omitted), or where "enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Ms. Osborne argues further proceedings are unnecessary because if the improperly rejected evidence is credited as true, the ALJ would have no choice but to find her disabled. The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Under this test, an immediate award of benefits is appropriate where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are not outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.7.

Here, the Commissioner concedes the ALJ gave legally insufficient reasons for assessing the medical evidence the way he did, but argues he should have a second opportunity to assess the evidence on remand. In *Varney v. Secretary of Health & Human Services,* 859 F.2d 1396 (9th Cir. 1988), the Ninth Circuit addressed the crediting-as-true rule in addressing wrongly rejected testimony from the claimant, explaining:

> Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from reach[ing] a conclusion first, and then attempt[ing] to justify it by ignoring competent evidence in the record that suggests an opposite result. It helps to

PAGE 3 - OPINION AND ORDER

>   ensure that pain testimony will be carefully assessed and its importance
>   recognized.  Moreover, it avoids unnecessary duplication in the administrative
>   hearings and reduces the administrative burden caused by requiring multiple
>   proceedings in the same case.
>   Perhaps most important, by ensuring that credible claimants' testimony is accepted
>   the first time around, the rule reduces . . . delay and uncertainty . . . and ensures
>   that deserving claimants will receive benefits as soon as possible. . . .
>   Certainly there may exist valid grounds on which to discredit a claimant's pain
>   testimony . . . . But if grounds for such a finding exist, it is both reasonable and
>   desirable to require the ALJ to articulate them in the original decision.

859 F.2d at 1398-99; *Harman*, 211 F.3d at 1179.

This same reasoning applies to an ALJ's improper rejection of medical evidence and lay-witness testimony, as evidenced by the fact that the crediting-as-true rule applies to these types of evidence as well. *Benecke*, 379 F.3d at 594; *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Here, the Commissioner concedes the ALJ improperly rejected Dr. Richardson's opinion, NP Jarrett's opinion, and Ms. Osborne's testimony about her symptoms. Further, the ALJ completely failed to address other evidence in the record. As such, on remand, this evidence must be credited at true. Crediting evidence as true, however, does not necessarily mean an award of benefits should automatically follow. As stated above, such is only appropriate where further proceedings would not be helpful. *Benecke*, 379 F.3d at 593.

Regarding NP Jarrett's conclusions, in May 2004, she completed a RFC Assessment stating Ms. Osborne is moderately to severely limited in several areas relating to memory, concentration and persistence, social interaction, and adaptation.[1] At Ms. Osborne's hearing, the

---

[1] The parties appear to agree NP Jarrett should be treated as a lay witness. Generally, a nurse practitioner is not a medical source under the regulations. *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). However, where a nurse practitioner works under the supervision of a physician, she becomes an acceptable medical source. *Id.* at 971. Here, NP Jarret's RFC Assessment was signed by Dr. Kaczmarch, M.D., her supervising pshychiatrist. In addition, the record and her testimony at the hearing establishes that she was supervised by Dr. Kaczmarch.

PAGE 4 - OPINION AND ORDER

ALJ specifically stated that if her limitations were as NP Jarrett stated, Ms. Osborne would be disabled. Tr. at 336. Thus, at least in relation to the time period NP Jarrett addressed, further proceedings are unnecessary and an award of immediate benefits is appropriate. *See generally Benecke*, 379 F.3d at 595.

However, it is unclear based on the current record whether the remaining evidence being credited in this opinion establishes disability. The ALJ did not incorporate these findings into his analysis or present them to the VE at the hearing. *See Harman*, 211 F.3d at 1180. Further, as the Commissioner noted, Ms. Osborne alleges her disability onset date is either October 1999 or October 2000,[2] but the evidence being credited only relates back to September 2003.[3] In the interim, there are significant gaps in the medical record. Thus, further proceedings would be helpful in this case to determine (1) whether the now-credited evidence, particularly Dr. Richardson's opinion, establishes disability, and (2) Ms. Osborne's disability onset date. Regarding the latter, because Ms. Osborne's impairments did not result from a discrete trauma, the ALJ has a duty to develop the record on this issue. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (citation omitted). In doing so, it may be necessary to call a medical expert to infer the onset date based on the credited evidence and other relevant evidence in the record, given the nature of the impairments at issue and the

---

[2]On her application for DIB benefits, Ms. Osborne identified October 30, 2000 as her onset date; however, on two disability reports, she stated she became disabled on October 1, 1999.

[3]Dr. Richardson performed his evaluation in September 2004, and his report indicates he was only expressing an opinion as to her current condition. Similarly, it appears NP Jarrett's May 2004 RFC assessment speaks only to Ms. Osborne's condition as it existed at that time.

PAGE 5 - OPINION AND ORDER

lack of consistent medical records throughout the relevant period. Soc. Sec. Ruling 83-20, 1983 WL 31249, at *2-3.

## Conclusion

The Commissioner's decision is REVERSED and the case is REMANDED to the ALJ. Upon remand, Ms. Osborne will be awarded immediate benefits as of May 2004. As for the remaining time period, the ALJ is to conduct further proceedings consistent with this opinion. IT IS SO ORDERED.

DATED this <u>22nd</u> day of May, 2006.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge